**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **06-136S** |
| | ) | |
| **DONNELL JENKINS** | ) | |

---

## MOTION FOR DOWNWARD DEPARTURE

Now comes the defendant Donnell Jenkins, by and through his counsel, and moves that this Honorable Court make a one level horizontal departure in his criminal history category, from **Category VI** to **Category V**. Mr. Jenkins makes this motion because twelve of his nineteen criminal history points are assigned for convictions involving either possessory drug offenses or misdemeanors. PSR ¶28 - 40. For this reason, a criminal history of Category VI substantially overstates the seriousness of his culpability, likelihood of recidivism, and prospects for rehabilitation.

The probation department has correctly compiled Mr. Jenkins' record and assigned points as prescribed by the guidelines as well assigning the career offender designation. A closer look at the current offense and the facts and circumstances of his convictions, however, show that he does not represent the heartland of offenders receiving almost 22 years in prison. The Court may depart from the guidelines when the circumstances show the case to be atypical and outside the heartland of similar offenses. *United States v. Bogdan*, 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). *See also* U.S.S.G. §1A1.1, Commentary (2005). Mr. Jenkins' conduct does not warrant the suggested career offender sentence.

As the policy statement contained in §4A1.3 of the United States Sentencing Commission, Guideline Manual suggests, criminal history scores do not "take into account all the variations in the seriousness of criminal history that may occur." USSG §4A1.3, comment. (backg'd). In this case, because of the relatively minor nature of the majority of Mr. Jenkins' criminal history, category VI substantially over-represents the seriousness of his prior record. U.S.S.G § 4A1.3 specifically allows the Court the discretion to depart downward where a

defendant's assigned criminal history over-represents "the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." This is such a case. The defendant respectfully asks that this Court to grant a departure and assign Mr. Jenkins a Criminal History category V.

Respectfully submitted
Donnell Jenkins
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered electronically to Sandra Beckner, Assistant United States Attorney and Heather McLoughlin, USPO, on May 4, 2007.

___________________________