CR06-136S

Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 07-1814

UNITED STATES OF AMERICA,

Appellee,

v.

DONNELL A. JENKINS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella, Circuit Judge,
and Stafford,* Senior District Judge.

Robert C. Andrews, with whom Robert C. Andrews Esquire P.C. was on brief, for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, and Sandra R. Beckner, Assistant United States Attorney, were on brief, for appellee.

July 18, 2008

*Of the Northern District of Florida, sitting by designation.

**Stafford, Senior District Judge.** Donnell A. Jenkins ("Defendant") appeals from his sentence on a plea of guilty to two counts of distributing cocaine base. We affirm.

I. BACKGROUND

Soon after Defendant was indicted on two counts of distributing crack cocaine, the government offered Defendant a written plea agreement. Under the terms of that agreement, Defendant was required to (1) stipulate that he was a career offender; (2) seek neither a downward departure under the Sentencing Guidelines nor a sentence below the Guidelines range; (3) refrain from moving to vacate his prior convictions; and (4) waive his right to file a direct appeal, provided the district court imposed a sentence within or below the applicable Guidelines range. In exchange for Defendant's plea, the government was required to (1) recommend a three-level reduction for acceptance of responsibility; (2) recommend a term of imprisonment at the lowest point of the applicable Guidelines range; and (3) refrain from filing a sentencing enhancement information under 21 U.S.C. § 851 stating Defendant's prior felony drug convictions. The plea agreement further provided that "if the government were to file the sentencing enhancement [information], pursuant to U.S.S.G. § 4B1.1, the Defendant would face a higher guidelines range."

Defendant rejected the government's plea offer. Thereafter, the government filed a section 851 information based on

Defendant's prior felony drug convictions, and Defendant pleaded guilty—without benefit of a plea agreement—to two counts of distributing crack cocaine. Before sentencing, Defendant filed motions seeking (1) a one-level downward departure in his criminal history category based on the purported overstatement of the seriousness of his criminal record; and (2) a downward variance in the advisory Guidelines range pursuant to 18 U.S.C. § 3553. Defendant acknowledged that his probation officer "correctly compiled [his] record and assigned points as prescribed by the guidelines as well [as] assigning the career offender designation."

At sentencing, the district court denied Defendant's request for a downward departure in his criminal history category. While recognizing that it had the authority to grant such a departure for over-representation of criminal history, the district court declined to do so, specifically stating that "I think the defendant's criminal history actually is accurately reflected here." The district court nonetheless determined that "a sentence below the advisory guideline range but above the mandatory minimum is an appropriate sentence to satisfy all of the requirements of section 3553." Defendant was accordingly sentenced to a term of imprisonment of 200 months, 62 months below the bottom of the advisory Guidelines range. Defendant thereafter filed this appeal.

## II. PROSECUTORIAL VINDICTIVENESS

Defendant first argues that the government's decision to

file a section 851 information was motivated by prosecutorial vindictiveness. According to Defendant, the government sought to penalize Defendant for refusing to accept a plea offer requiring Defendant to waive his right to appeal his sentence. Because Defendant failed to raise this issue in the district court, we review for plain error. To vacate Defendant's sentence for plain error, we must find that (1) there was error; (2) the error was plain and obvious; (3) the error affected Defendant's substantial rights; and (4) the error impaired the fairness, integrity, or public reputation of the judicial proceedings. United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

A vindictive prosecution—one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right—violates a defendant's Fifth Amendment right to due process. United States v. Goodwin, 457 U.S. 368, 372 (1982). A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness. United States v. Marrapese, 826 F.2d 145, 147 (1st Cir. 1987) (citing Goodwin, 457 U.S. at 376). If a defendant raises a presumption of vindictiveness, the prosecutor may rebut the presumption by showing objective reasons for its charges.

In Bordenkircher v. Hayes, 434 U.S. 357 (1978), the

Supreme Court considered an allegation of prosecutorial vindictiveness arising from unsuccessful plea negotiations. The prosecutor in that case had explicitly told the defendant that if he did not plead guilty and "save the court the inconvenience and necessity of a trial," id. at 359 n.1, he (the prosecutor) would return to the grand jury to seek an additional charge under the state habitual offender statute, a charge that would increase significantly the defendant's potential punishment. The defendant refused to plead guilty, and the prosecutor made good his threat to add habitual criminal offender charges. On review, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat made during plea negotiations to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged.

In finding no due process violation in Bordenkircher, the Supreme Court distinguished its decisions in North Carolina v. Pearce, 395 U.S. 711, 725 (1969) (applying a presumption of vindictiveness where the trial judge, on retrial, imposed a more severe sentence upon the defendant who successfully attacked his initial conviction on appeal) and Blackledge v. Perry, 417 U.S. 21, 28 (1974) (applying a presumption of vindictiveness where the prosecutor reindicted — on a felony charge — a defendant originally convicted of a misdemeanor after the defendant successfully

exercised his right to appeal the misdemeanor charge). The Court stressed that, in Pearce and Perry, it was dealing with the state's unilateral imposition of a penalty upon a defendant who exercised a legal right to appeal his original conviction, "a situation very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense." Bordenkircher, 434 U.S. at 363 (internal quotation marks and citation omitted). The Court explained that in the give-and-take of plea bargaining, "there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. In distinguishing the post-appeal posture of the Pearce and Perry cases from the pre-trial posture of Bordenkircher, the Court stated: "[T]he due process violation in cases such as Pearce and Perry lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction." Id. (citations omitted); see also Goodwin, 457 U.S. at 384 (finding that a presumption of vindictiveness was not warranted where the prosecutor modified the charges against the defendant after the defendant refused to plead guilty); United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006) (explaining that the "presumption of vindictiveness does not apply to pretrial decisions by the prosecution because '[a] prosecutor should remain free before trial to exercise the broad discretion

entrusted to him to determine the extent of the societal interest in prosecution'") (quoting Goodwin, 457 U.S. at 382); United States v. Perry, 335 F.3d 316, 324 (4th Cir. 2003) (noting that "a presumption of prosecutorial vindictiveness is generally warranted only in a post-conviction setting, such as when a defendant successfully attacks his conviction on appeal, and then receives a harsher sentence on retrial").

Here, as in Bordenkircher, the prosecutor tried to induce a plea by agreeing to lenient treatment for the defendant. In Bordenkircher, the prosecutor agreed, as part of his plea offer, to refrain from seeking the return of additional charges under the state career offender statute, charges that were undisputedly supported by the facts. Here, the prosecutor agreed, as part of his plea offer, to refrain from filing a section 851 enhancement information, an information that was undisputedly supported by the facts. In both cases, the plea negotiations were unsuccessful, and the defendants faced higher penalties as a result. In neither case was a presumption of vindictiveness warranted. See Cooper, 461 F.3d at 856 (finding no prosecutorial vindictiveness where the prosecutor filed a section 851 enhancement information during the time it was trying to induce the defendant to plead guilty); United States v. Cooks, 52 F.3d 101, 106 (5th Cir. 1995) (recognizing that there was no presumption of prosecutorial vindictiveness where the government filed a section 851 enhancement notice after the

defendant withdrew his guilty plea that would have waived the government's discretionary right to seek enhanced penalties).

Defendant contends that the inclusion of an appellate waiver provision in the prosecutor's plea offer makes his case more like Pearce and Perry and less like Bordenkircher. We disagree. Like the right to trial, the right to file a direct appeal is a right that may be waived by a defendant through the plea bargaining process. See, e.g., United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001) (holding that presentence waivers of appellate rights are valid). Indeed, waiver of the right to appeal represents just another bargaining chip in the plea bargaining process, a process that "flows from the mutuality of advantage to defendants and prosecutors, each with his own reasons for wanting to avoid trial and/or appeal." Bordenkircher, 434 U.S. at 363 (internal quotation marks and citation omitted). In Bordenkircher, waiver of the right to trial was the bargaining chip at issue. Here, the bargaining chips included both waiver of the right to appeal and waiver of the right to trial. That an additional bargaining chip was on the table, however, does not change the fact that, under Bordenkircher and its progeny, a presumption of vindictiveness is not warranted under the circumstances presented here.

According to Defendant, the government "is not able to show any objective reason for filing the 851 notice." To the extent Defendant is suggesting that the government engaged in

actual vindictiveness based on the purported absence of "any objective reason for filing the section 851 notice," his suggestion is meritless. Defendant does not dispute the factual basis for the section 851 information; indeed, he admits to the prior convictions. It thus defies common sense to say that the government had no "objective reason" for filing the section 851 information. Defendant, moreover, has presented no other evidence or argument that would support a finding of actual vindictiveness.

Defendant having failed to establish either actual or presumed prosecutorial vindictiveness, we find no error, much less plain or obvious error, that would require upsetting the district court's judgment.

III. REASONABLENESS OF SENTENCE

Defendant asks that his case be remanded to the district court for resentencing in light of the recent Supreme Court decisions in Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); and Kimbrough v. United States, 128 S. Ct. 558 (2007). See Rita, 127 S. Ct. at 2459 (holding that a federal appellate court may apply a presumption of reasonableness to a district court's sentence); Gall, 128 S. Ct. at 591 (holding that a federal appellate court "must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"); Kimbrough, 128 S. Ct. 558, 564 (holding that district

courts are free to consider, as part of their analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a), the 100:1 crack cocaine to powder cocaine ratio used by the Sentencing Commission in setting sentencing ranges under the Guidelines). According to Defendant, the net result of Rita, Gall, and Kimbrough is a "significantly expanded sentencing discretion." Defendant suggests that, contrary to these recent decisions, the district judge must have thought he was constrained by the Guidelines, causing him to impose a harsher sentence than he would have imposed had he had the benefit of Rita, Gall, and Kimbrough at the time of sentencing.

We review the district court's sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall, 128 S. Ct. at 594-95.

Initially, we note that, of the three decisions cited by Defendant, only Kimbrough addresses a district court's decision-making. Rita and Gall are directed to the decision-making of an appellate court. Defendant, moreover, failed to preserve a Kimbrough disparity issue by not asking the district court to consider the 100:1 disparity between crack and powder cocaine and by not objecting to the district court's sentence on the basis of that disparity. Furthermore, there is no indication that the district court would have sentenced Jenkins more leniently if he had raised the issue. See United States v. Matos, ____ F.3d ____,

No. 07-1459, 2008 WL 2687385, *1 (1st Cir. July 10, 2008) (holding that, to establish plain error in a Kimbrough context, a defendant must demonstrate a probability that he would have received a more lenient sentence had the district court considered the crack to powder disparity at sentencing).

Indeed, the record belies Defendant's assertion that the district court must have felt "constrained" by the Guidelines. In fact, the district court explicitly explained that, while it had the authority to depart downward for over-representation of criminal history, it declined to do so based on Defendant's record, a record that "far exceed[ed] the threshold of category 6." The district court nonetheless imposed a sentence that was more than five years below the bottom of the Guidelines range. Any suggestion here that the district court might impose an even lower sentence if the case were remanded is fanciful. The record amply establishes that the district court very carefully considered all of the requisite sentencing factors, then imposed a sentence that balanced Defendant's history as a gross recidivist against his history as a low-level, non-violent drug offender. We are convinced that the sentence imposed upon Defendant was reasonable, that the district court adequately explained its reasons for that sentence, and that the district court in no way abused its discretion during the sentencing process.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence. We REMAND the case to the district court where Defendant may file, if he wishes, a motion for reduction in sentence pursuant to the recent Guidelines amendment that lowers the sentencing range for certain categories of offenses involving crack cocaine. U.S.S.G. Amend. 706.

FILED
2008 JUL 21 A 9:43
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND